UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

In Re: McPherson, Marcia P.

Case No.: 16-30358

Judge: RG

Chapter: 13

*[Filed stamp: U.S. BANKRUPTCY COURT FILED NEWARK, NJ 2019 JUL -9 P 12: 11, JEANNE A. NAUGHTON, BY: Susan Zui, DEPUTY CLERK]*

## CHAPTER 13 DEBTOR'S CERTIFICATION IN OPPOSITION

The debtor in this case opposes the following **(choose one)**:

1. ☐ Motion for Relief from the Automatic Stay filed by _____, creditor,

   A hearing has been scheduled for _____, at _____.

   ☑ Motion to Dismiss filed by the Chapter 13 Trustee.

   A hearing has been scheduled for __7-17-19__, at __10:00 am__.

   ☐ Certification of Default filed by _____,

   I am requesting a hearing be scheduled on this matter.

2. I oppose the above matter for the following reasons **(choose one)**:

   ☐ Payments have been made in the amount of $ _____, but have not been accounted for. Documentation in support is attached.

☐ Payments have not been made for the following reasons and debtor proposes repayment as follows **(explain your answer)**:

☑ Other **(explain your answer)**:

See attached

3. This certification is being made in an effort to resolve the issues raised in the certification of default or motion.

4. I certify under penalty of perjury that the above is true.

Date: 7/9/19

_____
Debtor's Signature

Date: _____

_____
Debtor's Signature

**NOTES:**

1. Under D.N.J. LBR 4001-1(b)(1), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 7 days before the date of the hearing if filed in opposition to a Motion for Relief from the Automatic Stay or Chapter 13 Trustee's Motion to Dismiss.

2. Under D.N.J. 4001-1 (b)(2), this form must be filed with the court and served on the Chapter 13 Trustee and creditor, if applicable not later than 14 days after the filing of a Certification of Default.

*rev.8/1/15*

The creditor GM Financial has vacated the stay on only the automobile and has taken possession of the said automobile. At a conference on 6-5-19 with the secured creditor GM financial and the trustee, it was agreed that the stay on the automobile would be vacated while maintaining the stay on the real property. Based on that agreement and the fact that the post-petition payments on the real property are current, the stay on the real property should not be removed.

*Marcia P McPherson*
7/9/19

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Marie Ann Greenberg<br>Chapter 13 Standing Trustee<br>Suite 330<br>30 Two Bridges Rd<br>Fairfield, NJ 07004 | Trustee | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |
| | | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ Other _____<br>(As authorized by the Court or by rule. Cite the rule if applicable.) |